UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MICHAEL ORR, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-03380-TWP-TAB |
| GEO GROUP, INC., | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| MARK SEVIER, | ) | |
| KEITH BUTTS, | ) | |
| JOHN DOE, | ) | |
| STORMS, | ) | |
| JOHN DOE, | ) | |
| JOHN DOE, | ) | |
| JOHN DOE, | ) | |
| IPPEL, | ) | |
| DAVIS, | ) | |
| JANE DOE, | ) | |
| ANDREW LIAW, | ) | |
| KATHERINE HUTCHISON, | ) | |
| JOHN DOE, | ) | |
| CARTER, | ) | |
| JOHN DOE, | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLANT, SEVERING CERTAIN
CLAIMS, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

This matter is before the Court for on a Complaint for Damages and Injunctive Relief, filed by Plaintiff Michael Orr ("Mr. Orr") on November 2, 2018. (Dk. 2). For the reasons stated below certain claims are severed, others are dismissed and service of process is directed.

**I.     Screening Standard**

Mr. Orr is a prisoner currently incarcerated at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28

U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Orr are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Orr brings this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated while he was incarcerated at the New Castle Correctional Facility (New Castle) and the Westville Correctional Facility (Westville). He names as defendants from New Castle: GEO Group, Warden Keith Butts, Deputy Warden John Doe, Correctional Lieutenant Storms, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Wexford, Dr. Ippel, Nurse Davis, and Nurse Jane Doe. He names as defendants from Westville: Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter. He sued each defendant in their individual capacity and official capacity. He seeks injunctive relief and money damages.

On September 29, 2017, while Mr. Orr was incarcerated at New Castle, he threatened suicide, refused hand restraints, refused to leave his cell, and placed a sheet around his neck.

Several officers arrived at Mr. Orr's cell. After pepper spraying and gassing him, a tactical team comprised of defendants John Doe 1, 2, 3, and 4, entered the cell to prevent the suicide attempt. Mr. Orr laid down on his bed and the tactical team applied leg restraints. John Doe 1 then forcibly twisted and bent Mr. Orr's left arm behind his back using extreme pressure. Mr. Orr heard popping sounds. John Doe 1 did the same thing to Mr. Orr's right arm. John Does 2, 3, and 4 stood and watched this occur. The tactical team then took Mr. Orr to the medical unit.

Defendant Nurse Davis and Nurse Jane Doe told Mr. Orr he had no injuries. He complained of pain and received a shot of Toradol for the pain. As a result of this incident, Mr. Orr was in extreme pain and suffered eating and sleeping disturbances. Defendant Storms threatened to withhold medical care if Mr. Orr continued to refuse his meals.

On October 5, 2017, Mr. Orr saw defendant Dr. Ippel. Dr. Ippel told Mr. Orr that his elbows may need casting but that he was potentially being transferred out of New Castle soon. Dr. Ippel did not order x-rays or otherwise provide Mr. Orr any medical care for his arm injury.

Mr. Orr alleges that Warden Butts, GEO Group, and Wexford have an "access to care" policy but Storms, Butts, and Assistant Warden Doe failed to ensure that he was given pain relief. He also alleges that Butts failed to enforce medical polices and instead transferred him to Westville, and that Ippel, Storms, and Assistant Warden Doe failed to properly and timely diagnose him. Finally, he alleges that GEO Group has a policy and practice of saving money instead of providing most appropriate medical care to inmates.

Mr. Orr was transferred to the Westville Correctional Facility on October 6, 2017. He alleges that the Westville defendants were deliberately indifferent to his serious medical needs when they failed to provide or delayed appropriate medical treatment to his injured arms and failed

to provide him pain medication. Mr. Orr alleges that Warden Servier and Wexford have an "access to care" policy but Warden Servier failed to ensure that he was given pain relief.

### III. Claims that are Dismissed

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

As an initial matter, although Mr. Orr's allegations potentially state a viable Eighth Amendment excessive force claim against John Doe 1 and failure to protect claims against John Does 2, 3, and 4; and a medical care claim against Nurse Jane Doe; he has not named an appropriate defendant for any such claims. Although the complaint indicates these correctional officers were personally involved in (or failed to prevent) the cell extraction that resulted in Mr. Orr's injuries and failure to provide him subsequent medical care, he has not named any specific correctional officers or identified Nurse Jane Doe as defendants. The Seventh Circuit has held that "it is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). As such, the Eighth Amendment claims against John Does 1, 2, 3, and 4, and Nurse Doe, are **dismissed for failure to state a claim for relief.**

If Mr. Orr needs to engage in limited to discovery to identify the names of the individuals who were personally responsible for the alleged excessive force, failure to protect, and constitutionally deficient medical care, he must inform the Court **by March 12, 2019**, and the Court will serve Warden Keith Butts for the limited purpose of permitting Mr. Orr to conduct discovery in order to identify the proper defendants in this action with respect to these claims.

The claims against Deputy Warden Doe are **dismissed** for the same reasons. However, in regard to Deputy Warden Doe and Warden Butts there are also no allegations of wrongdoing

against them in the complaint. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). While Mr. Orr alleges Warden failed to enforce polices, he does not allege that Warden Butts in any way personally participated in the excessive force used against him or the failure to provide subsequent medical care. The claims against Warden Butts are **dismissed** for failure to state a claim and he is **dismissed** as a defendant.

Because Wexford acts under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the Monell holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Orr must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford Group. Mr. Orr has stated that Wexford has an "access to care" policy. However, he failed to allege that this policy resulted in him being denied medical care by Dr. Ippel, Nurse Davis, and Lieutenant Storms. As such, Wexford is **dismissed** as a defendant for failure to state a claim.

Mr. Orr's official capacity claims are dismissed as redundant because he has named GEO Group and the policy and practice claim against GEO Group is proceeding in accordance with section IV.

### IV. Claims That May Proceed

Mr. Orr's Eighth Amendment deliberate indifference claim against Lieutenant Storms, Dr. Ippel, and Nurse Davis in their individual capacity **may proceed**.

Mr. Orr's policy and practice claim against GEO Group **may proceed**.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Orr believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 12, 2019,** in which to identify those claims.

### V. Claims That Are Severed From This Action

Pursuant to Fed. R. Civ. P. 21, "[t]he court may . . . add or drop a party. The Court may also sever any claim against a party." Generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint as to the Westville defendants.

Any allegations against Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter that occurred after Mr. Orr was transferred to Westville October 6, 2017, are **severed** from this action. To effectuate this ruling, a new civil action from the Indianapolis Division shall be opened, consistent with the following:

a. Michael Orr shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in the newly opened action shall be 555.

c. The Cause of Action of the newly opened action shall be 42:1983.

d. The complaint in this action shall be filed and re-docketed as the complaint in the newly opened action. Mr. Orr's request to proceed *in forma pauperis* shall likewise be filed and re-docketed in the newly opened action.

e. A copy of this Entry shall be docketed in the newly opened action.

f. This action and the newly-opened action shall be shown on the docket with each other as linked actions.

g. The defendants in the newly opened action shall be Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter.

h. The assignment of judicial officers shall be by random draw.

### VI.

Consistent with the determination and rulings made in Part V of this Entry, all claims against Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter are **dismissed** without prejudice. These defendants, Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter, are **terminated** in this action.

### VII. Service of Process

The clerk is directed pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Ippel, Nurse Davis, Lieutenant Storms, and GEO Group in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 2, 2018, dkt. 2, applicable forms (Notice

of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is directed** to update the docket to show that Keith Butts, Assistant Warden John Doe, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Wexford, have been **dismissed** as defendants from this action.

### VIII. Summary

The claims against Dr. Ippel, Nurse Davis, Lieutenant Storms, and GEO Group **shall proceed.**

The claims against Keith Butts, Deputy Warden John Doe, John Doe 1, John Doe 2, John Doe 3, John Doe 4, Nurse Jane Doe, and Wexford are **dismissed**.

Defendants Dr. Andrew Liaw, Nurse Katherine Hutchinson, Physical Therapist John Doe, Warden Mark Servier, and Correctional Captain Carter are **dismissed** from this action.

The claims that occurred after Mr. Orr was transferred to Westville on October 6, 2017, are **dismissed** from this action and **severed** into a new action.

**IT IS SO ORDERED**.

Date: 2/14/2019

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL ORR
133175
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Ippel
New Castle Correctional Facility
Medical Staff
1000 Van Nuys Road

New Castle, IN 47362

Lieutenant Storms
New Castle Correctional Facility
Correctional Staff
1000 Van Nuys Road
New Castle, IN 47362

Nurse Davis
New Castle Correctional Facility
Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

Geo Group
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

    Courtesy Copy:

Adam Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
27 North Eighth Street
Richmond, IN 47374